**C. S. GRANDEY, Appellant,**

v.

**PACIFIC INDEMNITY COMPANY,**
**Appellee.**

**No. 15062.**

United States Court of Appeals
Fifth Circuit.

Nov. 24, 1954.

John B. Wilson, Jr., Dallas, Tex., Dixie & Ryan, Houston, Tex., for appellant.

L. W. Anderson, Dallas, Tex., for appellee.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

On December 8, 1953, the Industrial Accident Board of Texas entered its order denying appellant's claim to workmen's compensation. The order of denial showed his employer to be "Temco Aircraft Corporation" and its insurance carrier, "Pacific Indemnity Company, 315 Mercantile Commerce Bldg., Dallas, Texas." Pursuant to Section 5 of Article 8307 of the Revised Civil Statutes of Texas,[1] appellant on December 21, 1953 filed notice with the Board that he would not abide by said ruling and decision, and on January 8, 1954, filed his complaint in the district court. That complaint incorrectly named the defendant as Pacific Indemnity *Insurance* Company and incorrectly described it as incorpo-

---

1. Reading in part: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision * * *." Vernon's Ann.Civ.St.Tex. art. 8307, § 5.

rated in the State of *Massachusetts*. On January 20th, Pacific Indemnity Company, a *California* corporation, appearing as amicus curiae, filed a motion to quash service on it taking the position that it was not the defendant in the action. Thereupon, on January 22nd, appellant filed an amendment to its complaint correctly designating the defendant as Pacific Indemnity Company, a California corporation, and a motion to amend the summons. On January 25th, the motion of the amicus curiae to quash service on it of the original summons was sustained, and the plaintiff's motion to amend the summons was overruled. Summons on the amended complaint, however, had already been served on Pacific Indemnity Company, a California corporation, and the Marshal made his return to that effect on January 26th. On February 9th, Pacific Indemnity Company filed its motion to strike the amendment, and to dismiss the cause for lack of jurisdiction, alleging in part,

"since plaintiff's notice of intention to appeal was filed on December 21, 1953, and his suit against Pacific Indemnity Company, a California corporation, was filed on January 22, 1954, a period in excess of twenty (20) days had expired between said dates and pursuant to Article 8307, Section 5 of the Revised Civil Statutes of the State of Texas, this Court does not have jurisdiction to hear this cause, as an appeal must be perfected within twenty (20) days from the date that the notice of intention to appeal was filed".

Those motions were sustained by the district court and the action dismissed on March 1, 1954.[2] This appeal followed.

Whether any such corporation exists as Pacific Indemnity *Insurance* Company, a *Massachusetts* corporation, does not appear from the record, but we would think that from the geographical designations that is most unlikely. The plaintiff's original complaint further described the defendant as the company insuring plaintiff's employer under the terms of the Texas Workmen's Compensation Act, and attached to and made a part of the complaint as Exhibit A was a copy of the award of the Industrial Accident Board showing the name of this insurance carrier to be Pacific Indemnity Company. It is not denied that Pacific Indemnity Company was in fact such insurance carrier. It had, in fact, defended the claim before the Industrial Accident Board. Still further the original complaint alleged: "Service of process may be had upon V. T. Bartley, an agent of Defendant, 315 Mercantile Commerce Bldg., Dallas, Texas." This was the name and address of an agent of Pacific Indemnity Company. The record thus plainly shows that Pacific Indemnity Company was the defendant intended to be named and served in this action. The mistake in name did not mislead or cause any prejudice to the Pacific Indemnity Company.

In the case of Davis v. L. L. Cohen & Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129, relied on by the district court, the suit was filed in a Massachusetts State Court against the New York, New Haven & Hartford Railroad Co., described as a corporation "operated and controlled by the United States Railroad Administration". The Railroad Company itself appeared and filed an answer. No further proceedings were had for more than two and a half years, when on the ex parte motion of the plaintiff the writ and declaration were amended by striking out the name of the Railroad Company and substituting the name of James C. Davis, Agent, and the Director General of Railroads, as the party defendant. As a matter of pleading, this amendment was permissible under the liberal provisions

2. The district court stated:
    "In the United States Supreme Court, the case of Davis v. [L. L.] Cohen [& Co.] 268 U.S. [638, 45 S.Ct. 633, 69 L. Ed. 1129], held that the amendment striking out the original defendant, and, substituting a new party defendant, was, in effect, the commencement of a new, and, independent proceeding to enforce the asserted liability, and, therefore, the time of limitation ran up to the time of the filing of that new suit."

of the Massachusetts General Laws, c. 231, §§ 51, 138. However, federal control of railroads had been terminated on March 1, 1920, and the Transportation Act, so providing, had further provided in Section 206(a) that actions against the Director General to enforce the liability of the Government might be brought "not later than two years from the date of the passage of this Act". 41 Stat. 461. The amendment of the writ and declaration in that case was attempted more than two years after the passage of the Transportation Act. The Supreme Court held that:

> "the provisions of the Massachusetts General Laws under which the plaintiff was allowed to amend the writ and declaration so as to substitute the designated Agent as the defendant instead of the Railroad Company, as construed and applied in the present case, are void because of repugnancy to section 206 of the Transportation Act." Davis v. L. L. Cohen & Co., supra, 268 U.S. at pages 642, 643, 45 S.Ct. at page 634.

The question of consent of the Government to be sued, and the question of substituting a new party for an actually existing party defendant, upon which questions Davis v. L. L. Cohen & Co., supra, turned, are not involved in the present case.

Instead, this case is governed by the Federal Rules of Civil Procedure, particularly Rules 4(h) and 15, 28 U.S.C.A. Under those liberal rules, the Pacific Indemnity Company should not be permitted to take advantage of a mere misnomer that injured no one, and the district court erred in refusing to permit the amendment of the summons and of the complaint and in dismissing the action. United States v. A. H. Fischer Lumber Co., 4 Cir., 162 F.2d 872. We think that Professor Moore, citing that case with approval, accurately stated the rule:

> "The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person." 2 Moore's Federal Practice, 2nd ed., Sec. 4.44, p. 1042.

The judgment is, therefore, reversed and the cause remanded.

Reversed and remanded.