**Florence Elizabeth STRAUSS, and Paul Adolph Strauss, Plaintiffs,**

v.

**Robert V. REX and Janet B. Rex, his wife, t/a Howard Johnson's Restaurant, Defendant.**

**Civ. A. No. 17265.**

United States District Court
W. D. Pennsylvania.

May 23, 1960.

Louis C. Glasso, Pittsburgh, Pa., for plaintiffs.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

In this action for personal injuries, defendant moves to vacate an order of this court dated April 6, 1959, permitting amendment of the complaint, after the running of the statute of limitations[1], so as to substitute as party defendants Robert V. Rex and Janet B. Rex, trading as Howard Johnson's Restaurant in place of the original defendant, The Pennsylvania Turnpike Shops, Inc., a Pennsylvania corporation. Defendant also moves to dismiss the complaint, asserting as a defense the statute of limitations.

The pertinent facts are as follows: Plaintiffs filed their complaint on September 4, 1958, alleging personal injuries sustained on September 6, 1956. The United States Marshal served defendant, The Pennsylvania Turnpike Shops, Inc., a Pennsylvania corporation, on September 8, 1958, " * * * by handing to and leaving a true and attested copy of the summons and a copy of the complaint, with Robert V. Rex, Franchise Owner

2. See Payne v. Madigan, 9 Cir., 274 F. 2d 702.

1. Under Pennsylvania law all actions to recover damages for injury wrongfully done to the person must be brought within two years from the time of injury. Act of June 24, 1895, P.L. 236, 12 P.S. § 34.

and person in charge at his place of business * * *." Service upon defendant was quashed by order dated March 26, 1959. On April 6, 1959, the court granted plaintiffs' motion to amend the complaint, and thereafter on January 25, 1960, plaintiffs filed their amended complaint naming as defendants, Robert V. Rex and Janet B. Rex, his wife, trading as Howard Johnson's Restaurant. Service of the amended complaint was made upon defendants on February 2, 1960, "by handing to and leaving a true and attested copy [of the amended complaint] with Robert V. Rex, Owner * * *."

The sole question to be determined is whether the effect of the amendment is merely to correct the name of a party already in court or to substitute for the defendant a new party. As a general rule, it is well settled that if the effect is the former "clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. * * * On the other hand, if the effect of the amendment is to substitute for the defendant a new party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run." Sanders v. Metzger, D.C.E.D.Pa.1946, 66 F.Supp. 262, 263; 1 Barron and Holtzoff, Federal Practice and Procedure § 448.

Despite the tendency in our federal courts toward extreme liberality in allowing amendments under Rules 4(h) and 15(a), F.R.Civ.P., 28 U.S.C.A., the court is of the opinion that the effect of the amendment is to substitute for defendant an entirely new party. Unquestionably, plaintiffs attempted to bring suit against the owner of the Howard Johnson Restaurant in Uniontown. However, they named the wrong defendant. Ownership of the particular restaurant in question was not in the named corporate defendant, but in an individual and his wife. Clearly, this is not a case in which a plaintiff seeks to correct a misnomer where the proper party already is in court. See Sechrist v. Paslhook, D.C. M.D.Pa.1951, 97 F.Supp. 505. Neither

of the individual defendants is in court. To permit this amendment to relate back to the original complaint would deprive the substituted defendants of their defense of the statute of limitations. Davis v. L. L. Cohen & Company, Inc., 1925, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Jacobsen v. United States, D.C.E.D.Pa. 1958, 160 F.Supp. 491; Lomax v. United States, D.C.E.D.Pa.1957, 155 F.Supp. 354; Kerner v. Rackmill, D.C.M.D.Pa. 1953, 111 F.Supp. 150; Sanders v. Metzger, D.C.E.D.Pa.1946, 66 F.Supp. 262.

The court is aware of the great hardship which will result from the granting of defendant's motion. Nevertheless, this is a serious risk which must be appreciated by a plaintiff who delays until the period of limitations has almost run before commencing his action.

Plaintiffs' claim for personal injuries having been asserted against the substituted defendants more than two years from the time of injury, the motion to dismiss filed by defendants will be granted.

An appropriate order is entered.

