Alfred J. Callahan, J.
In this holdover proceeding to recover possession of commercial real property, the named respondents set up two affirmative defenses in which they assert (1) that the 30-day notice, petition and notice of petition are defective in that they do not designate as a party respondent the actual occupant of the premises and (2) that said actual occupant (a corporation) was not properly served with the 30-day notice. They also assert a general denial.
(1) As to the propriety of the designation of the party respondent.
At the trial the named respondents demonstrated that although they were originally petitioner’s tenants, they had, in 1951, assigned their lease (which has since expired) to Adams Refrigeration Service Corp., a domestic corporation, of which *41 two of the named individual respondents appear to be the principal stockholders and officers. They also demonstrated that petitioner has for the past several years accepted monthly rental checks drawn on an account maintained by such corporation. Petitioner demonstrated that its monthly bills for rent were addressed to “Adams Refrigeration Co.” and contends that under all of the foregoing circumstances the designation of the respondents herein as “ the person intended as being in possession of the premises herein described ” is a mere misnomer which might be cured by its motion at the trial to amend its papers so as to designate the corporation as a party respondent.
In view of the decision in Sperry Band Corp. v. Pyramid Crane Co. (19 Misc 2d 916 [Spec. Term, N. Y. County]) the court is inclined to agree with this contention. Consequently, the motion to amend is granted and the first affirmative defense is dismissed.
(2) As to the validity of the service of the 30-day notice.
At the trial the petitioner’s process server testified that on February 8, 1966, at about 8:30 a.m., he went to the Adams premises and asked for a Mr. Greenberg. One of several men who appeared to be in charge said in substance, “ Give me the paper. I will take care of it.” The process server gave the 30-day notice to said man, who appeared to be a person of suitable age and discretion.
The petitioner’s vice-president and general manager testified that in mid-February of 1966 he spoke to Mr. Miller, an officer of the Adams Corporation, who admitted that he had received the 30-day notice.
If the requirements of the Real Property Law with respect to service of a 30-day notice (Real Property Law, § 228) were as strict as the requirements as to service of a summons on a corporation (CPLR 311), the court would be inclined to agree with respondents’ contention that there was insufficient proof of service. However, the respective requirements are not the same. It would appear that the Real Property Law makes no distinction between service of the notice on an individual and on a corporation and seems to require that the notice may be left with a person of suitable age or discretion, or by posting-same in a conspicuous part of the premises.
The court finds that sufficient proof was made of service of the 30-day notice and therefore the second affirmative defense is also dismissed.
There remains only the questions whether the court has power to grant a stay of a warrant of eviction and, if it does, how such power should be exercised.
*42 (3) As to the power of the court to grant a stay of execution of the warrant.
Counsel are agreed that there is no precise statutory or decisional authority as to the power of this court to grant a stay of execution of a warrant in a proceeding such as this and the independent research of the court indicates no such authorities. The respondents contend that the court has such power in the absence of an explicit grant thereof in the Real Property Actions and Proceedings Law. The petitioner, on the other hand, argues that since sections 751, 753 and 755 of said law explicitly give the court power to grant stays with relation to residential property, the absence of such a grant of power with respect to commercial property therein indicates a legislative intent to curtail such power to the former.
While this argument, on its face, appears to be logical, it is seriously undermined by the fact that there are several decisions dealing with residential property in which it has been held that the cited sections of the Real Property Actions and Proceedings Law are not the sole source of the power of this court to grant stays in the case of dwelling premises. (See Matter of MacLeod v. Shapiro, 20 A D 2d 424 [1st Dept.]; Matter of Silver-Ruth v. Rafferty, 42 Misc 2d 926 [Dist. Ct., Nassau County]; Matter of Joseph v. Cheeseboro, 42 Misc 2d 917, 919 [Civ. Ct., N. Y. County], revd. on other grounds 43 Misc 2d 702 [App. Term, 1st Dept.]. See, also, Shaw, Stays in Summary Proceedings, N. Y. L. J., Oct. 8,1964, p. 1.)
The last-cited authorities clearly indicate that the power of this court to grant stays in proceedings involving residential property is not confined to that granted by the Real Property Actions and Proceedings Law, but may also be found in section 212 of the New York City Civil Court Act and CPLR 2201, which states: ‘ Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just.” If CPLR 2201 is applicable to stays in situations involving residential property, to which specific reference is made in the Real Property Actions and Proceedings Law, then a fortiori said section 2201 must logically be deemed to be applicable to summary proceedings affecting commercial property, to which no such reference is made in the Real Property Actions and Proceedings Law.
Under the circumstances the court feels forced to conclude that since it is not “ otherwise prescribed by law,” it has the power to grant a stay of proceedings herein “ upon such terms as may be just.” (See Matter of MacLeod v. Shapiro, supra, p. 427.)
*43 (4) As to the exercise of the court’s power to grant a stay.
Equities exist in favor of both parties herein. According to the landlord’s claims (which were not proven by any specific evidence) it is suffering loss of some $2,000 each day that it does not regain possession of the subject premises. On the other hand, the tenant has demonstrated that it has had — and is having — great difficulty in acquiring new premises available for storing its equipment and maintaining its operations, which have been carried on at the subject premises for 27 years.
Having in mind all of the circumstances herein, the court, in the exercise of its discretion, concludes that justice will be done by granting landlord a final judgment and staying execution of the warrant thereunder to and including May 31, 1966, up to which date tenant is to pay for use and occupation at the rate heretofore paid as rent.