INFOTRONICS CORPORATION, Plaintiff,

v.

VARIAN ASSOCIATES CORPORATION, Defendant.

Civ. A. No. 68–H–122.

United States District Court
S. D. Texas,
Houston Division.

Aug. 30, 1968.

Jack Hayden, Hayden, Pravel, Wilson & Matthews, Fred C. Brigman, Jr., Brigman, Martin & Smith, Houston, Tex., for plaintiff.

Louis T. Pirkey, Tom Arnold, Arnold, Roylance, Kruger & Durkee, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Plaintiff brought this action against Varian-Aerograph, complaining of the infringement of two patents, the misappropriation of trade secrets, and other acts. At one time, Varian-Aerograph was a wholly owned subsidiary of Varian Associates Corporation, but prior to the commencement of this action it was merged into Associates. Service was made on C T Corporation System, which forwarded the complaint to Associates. Counsel for Associates appeared and moved the court to dismiss the complaint and to quash the service of process. Shortly thereafter plaintiff filed its "Motion for Leave to Amend Process and to Correct the Style of This Lawsuit." Counsel for Associates then moved that the action be transferred to the Northern District of California. Plaintiff's motion is granted; the remaining motions are denied. Plaintiff's motion will be considered first, since its disposition controls the action that must be taken with the others.

Plaintiff has requested the court to correct a misnomer. Because the merger was complete when suit was filed, and notice of the merger had been filed with the Texas Secretary of State, plaintiff had constructive notice that Varian Associates had assumed all liabilities of Varian-Aerograph. It is not contradicted, however, that plaintiff in good faith had no actual notice of the merger until counsel for Varian Associates appeared and moved to dismiss. Also uncontradicted is the assertion that Varian Associates received notice of this action as promptly and adequately as it would have if it had been the named party. Service was made on C T Corporation System, which is the authorized agent for service for Varian Associates. Although the agent advised the process server that it was not the agent for Varian-Aerograph, it accepted service and forwarded a copy of the summons and complaint to Varian Associates in California.

The United States Supreme Court has often applied the Rules of Civil Procedure to avoid resolving cases on technicalities. See, e.g., Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed. 80 (1957). This policy requires that amendments to pleadings be freely allowed. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); United States v. Stephen Bros. Line, 384 F.2d 118, 124–125 (5th Cir. 1967).

Plaintiff's Motion for Leave to Amend cites Rule 4(h) of the Rules of

Civil Procedure.[1] The Fifth Circuit has repeatedly given Rule 4(h) a liberal construction where it was clear that the party served was the party intended to be sued, and the naming of another in the complaint was an inadvertent misnomer.[2] If the party sought to be properly named received notice, he has not been prejudiced, and it is in the interest of justice to permit the amendment.[3] In 1966 Rule 15(c) was amended to codify this judicial attitude and to establish standards for the relation back of amendments to pleadings.[4] Relation back is not in issue here, for limitations have not run, but the standards prescribed in Rule 15 are apt guides to the Court's discretion whenever leave to amend is requested. Three conditions must be met:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.[5]

These conditions are fully met in the present case. Plaintiff's claim has not been altered; plaintiff seeks merely to change the name of the defendant. Varian Associates received the same notice of the claim that it would have received had it been properly named. Finally, having expressly assumed all obligations of Varian-Aerograph, the named defendant, Varian Associates can hardly argue that it was unaware that the party sought to be sued was itself.[6] On these facts, the court finds that since Varian Associates has suffered no prejudice from the misnomer in the complaint,

1. Amendment. At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

2. See, e. g., Jackson v. Duke, 259 F.2d 3, 6–7 (5th Cir. 1958); Grandey v. Pacific Indem. Co., 217 F.2d 27, 29 (5th Cir. 1954).

3. Cf. National Surety Corp. v. United States ex rel. Way Panama, S. A., 378 F.2d 294 (5th Cir.), cert. denied, 389 U.S. 1004, 88 S.Ct. 561, 19 L.Ed.2d 598 (1967); Travelers Ins. Co. v. Brown, 338 F.2d 229, 234 (5th Cir. 1964).

4. Travelers Indem. Co. v. United States of America for the Use of Construction Specialties Co., 382 F.2d 103, 106 (10th Cir. 1967).

5. Rule 15(c), Federal Rules of Civil Procedure. The second sentence was added in 1966.

6. Several other circumstances bolster this conclusion. In the first place, one of the patents contested in this suit was not issued until after Varian-Aerograph had merged into Varian Associates; this anomaly was noted in the memorandum that counsel for Associates filed before the end of the period permitted to file an answer. Secondly, plaintiff has requested injunctive relief. Thirdly, within the period permitted Aerograph to answer in this action, Associates commenced suit against plaintiff in federal court in California, seeking a declaratory judgment against the validity of the two patents involved here. Fourthly, plaintiff has asserted, and Associates has not denied, that the same persons who had been operating in the name of Varian-Aerograph are performing the same functions at the same location in the name of Varian Associates Corporation.

plaintiff's leave to amend must be granted.[7]

Since defendant's motions are largely directed at the defect that the amendment has corrected, they may be treated summarily. As regards Varian-Aerograph, the motion to dismiss and quash process is moot, for that corporation is not a party to the action. Even if the motion is construed as applying to Varian Associates Corporation, it must be denied, for counsel admit that service was made on the authorized agent for Associates and that venue is proper with respect to Associates.

 As part of its motion to dismiss, defendant attacks plaintiff's unfair competition count for failure to allege a jurisdictional amount. On the contrary, jurisdiction is present under 28 U.S.C. § 1338(b), which grants jurisdiction here irrespective of jurisdictional amount.

 Finally, defendant has filed a motion to transfer under 28 U.S.C. § 1406(a). That provision applies only when a case is filed "laying venue in the wrong division or district." As defendant admits that venue is proper in this Court, its motion under § 1406(a) must be denied. 28 U.S.C. § 1404(a) is the provision regulating transfer out of a court in which venue is proper. While it might be permissible to treat the motion to transfer as if it had been filed under § 1404(a), the parties have not briefed the question whether the facts of this case warrant transfer under that section. Accordingly, the 1406(a) motion is denied, but without prejudice if defendant chooses to file a proper motion under § 1404(a).

For the above reasons, it is therefore ORDERED

(a) That the summons and the return of service in this action are amended by replacing the words "Varian-Aerograph" with the words "Varian Associates Corporation";

(b) That the style of this action is corrected to read "Infotronics Corporation, Plaintiff, vs. Varian Associates Corporation, Defendant";

(c) Defendant's "Motion for an Order: Dismissing the Complaint and Quashing Service of Process" is in all respects denied; and

(d) Defendant's motion to transfer is denied, but without prejudice to the submission of a proper motion for a change of venue under 28 U.S.C. § 1404(a).

---

**7.** See generally 2 J. Moore, Federal Practice ¶ 4.44 (1964); 3 id. ¶¶ 15.15 [4.–1] to [4.–2] (1968). Recent cases illustrating the application of the principles relied on above are Travelers Indem. Co. v. United States of America for the Use of Construction Specialties Co., supra note 4; Wirtz v. Mercantile Stores, Inc., 274 F.Supp. 1000 (E.D.Okl. 1967); Meredith v. United Air Lines, 41 F.R.D. 34 (S.D.Cal.1966); Martz v. Miller Bros. Co., 244 F.Supp. 246 (D. Del.1965) (finding notice to have been inadequate).