**CONCEPT INDUSTRIES, INC., Plaintiff,**

**v.**

**CARPET FACTORY, INC., formerly known as Harold L. Rubnitz Carpet Co., Inc., Defendant.**

**No. 72–C–99.**

United States District Court, E. D. Wisconsin.

July 6, 1972.

Quarles, Herriott, Clemons, Teschner & Noelke by L. C. Hammond, Jr., and Peter C. Linzmeyer, Milwaukee, Wis., for plaintiff.

Herbert L. Usow, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The original summons and complaint designated the defendant as "Harold L. Rubnitz Carpet Co., Inc., a Wisconsin corporation." Service of the summons and complaint was made by the marshal upon one Ardith Rubnitz, secretary of the corporation, at her residence in Fox Point, Wisconsin, on February 24, 1972.

The aforesaid defendant, Harold L. Rubnitz Carpet Co., has moved to dismiss the complaint on the grounds that the defendant was a non-entity and that the name of the corporation had been changed to "Carpet Factory, Inc.". It has also moved to dismiss for failure to state a cause of action.

The plaintiff then served an amended complaint by messenger upon defendant's attorneys; the amended complaint designated the defendant as "Carpet Factory, Inc. (formerly known as Harold

L. Rubnitz Carpet Co., Inc.), a Wisconsin corporation". The amended complaint was identical to the original in all respects except that a correction had been made properly to plead the jurisdictional amount.

The plaintiff has moved for an order striking the misnomer of the defendant, "Harold L. Rubnitz Carpet Co." and substituting the name "Carpet Factory, Inc. (formerly known as Harold L. Rubnitz Co., Inc.)."

The defendant's position, as stated simply in its brief, is:

"Plaintiff in the first instance served a non-entity and has now filed an amended complaint without having ever served the correct defendant. which plaintiff apparently believes is CARPET FACTORY, INC.,"

I find this position to be without merit.

A certificate of the Wisconsin secretary of state asserts that articles of incorporation of "Harold L. Rubnitz Co., Inc." were filed June 16, 1969, and that an amendment thereto was filed on October 15, 1971; the amendment changed the company's name to "Carpet Factory, Inc."

The certificates of newly-elected officers which were filed with the secretary of state on behalf of Harold L. Rubnitz Co., Inc. and Carpet Factory, Inc. listed Ardith Rubnitz as secretary of the corporation. In her capacity as secretary, Ardith Rubnitz was a proper person to accept service on behalf of the corporation. Rule 4(d)(3), Federal Rules of Civil Procedure.

Rule 4(h), Federal Rules of Civil Procedure, provides for the amendment of any process "unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." I am unable to find any prejudice to the defendant because of the misnomer of the

defendant in the summons and complaint.

■ There has been no change in the substantive allegations of the complaint; the plaintiff seeks only to correctly name the defendant. It is clear that the defendant now named received the same notice of the plaintiff's charges that it would have received had the original complaint been properly captioned. There has been no suggestion that the change of names by the corporation has operated to relieve it from obligations incurred prior to the change of names. Accordingly, the plaintiff should be permitted to amend its summons and complaint. See Grandey v. Pacific Indemnity Company, 217 F.2d 27 (5th Cir. 1954); U. S. v. A. H. Fischer Lumber Co., 162 F.2d 872 (4th Cir. 1947); Infotronics Corporation v. Varian Associates Corporation, 45 F.R.D. 91 (S.D.Tex. 1968).

■ Further, the amended complaint alleges that the defendant, Carpet Factory, purchased carpets and carpet remnants from the plaintiff during the period between April 9 and October 29, 1971, and failed to pay for them. I find no merit to the defendant's contention that the plaintiff has failed to state a cause of action.

Therefore, it is ordered that the defendant's motions to quash the summons and to dismiss the complaint be and hereby are denied.

It is also ordered that the plaintiff's motion to amend the summons and return by striking from the caption "Harold L. Rubnitz Carpet Co." and substituting therefor "Carpet Factory, Inc. (formerly known as Harold L. Rubnitz Co., Inc.)" be and hereby is granted.

It is further ordered that the defendant shall serve and file a responsive pleading to the amended complaint within 15 days from the date of this order.