### In re NATIONAL STUDENT MARKETING LITIGATION.

**M.D.L. Docket No. 105.**

United States District Court, District of Columbia.

April 26, 1976.

## MEMORANDUM ORDER

PARKER, District Judge.

On March 12, 1975, this Court entered an order in this multi-district litigation, allowing the plaintiffs in the Garber and Natale class actions[1] to file an amended complaint adding certain party defendants, including Interstate National Corporation Employees' Retirement Trust[2] ("Interstate Retirement" or "Defendant"). The newly named defendant was a former shareholder of Interstate National Corporation ("Interstate"), an original defendant in this proceeding, and plaintiffs alleged that Interstate Retirement sold its shares of National Student Marketing Corporation ("NSMC") stock[3] without disclosing its knowledge of the material falsity of proxy statements relating to the merger between NSMC and Interstate.

The summons and amended complaint were served on Interstate Retirement's Trustee, the Continental Illinois National Bank & Trust Company of Chicago ("Bank"). Thereafter a motion to quash service or dismiss for improper venue was filed by the defendant Interstate Retirement. This Court concludes, for the reasons stated herein, that the motion should be denied without prejudice to renew at the conclusion of pretrial discovery.

■ Interstate Retirement has moved that service should be quashed because it was named as defendant in the amended complaint, and not the Bank as trustee; all in contravention of the rule that a trust can only be sued through its trustee.[4] This defect can easily be remedied, however, by amending the service of process to show that the Bank is the defendant. Rule 4(h), Fed.R.Civ.P. Defendant would not be prejudiced by this procedure because the Bank was actually served and thus had notice of the pendency of this suit. The actual amendment will not be ordered at this time, however, in view of the Court's deferral of a ruling on the trust status of Interstate Retirement Trust.[5]

■ The alternative to sever and dismiss for improper venue should be denied as well, without prejudice to renew at the close of pretrial discovery. Defendant argues that venue is improper since, as a trust, it must be sued through its trustee, a national bank, which can only be sued in the jurisdiction in which it was established pursuant to the special venue provision of the National Bank Act, 12 U.S.C. § 94. In this case, the Bank was established in Chicago, Illinois. Defendant further argues that the action against it should be dismissed because the action would have been barred in the forum with proper venue, by virtue of the Illinois three year statute of limitations for securities fraud.[6]

---

1. Civil Actions 2405–72 and 2406–72 (Garber) and 2407–72 (Natale).

2. This Trust was a successor to the George F. Brown & Sons Retirement Trust.

3. Received in exchange for its Interstate shares, pursuant to the NSMC/Interstate merger of October 31, 1969.

4. *Yonce v. Miners Memorial Hospital Ass'n, Inc.*, 161 F.Supp. 178 (W.D.Va.1958).

5. Plaintiffs have questioned Interstate Retirement's status as a trust. *See* discussion on page 1161, *infra*.

6. Ill.Rev.Stat. ch. 121½, § 137.13(D), cited in *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972). The fraudulent activities alleged in the complaint occurred in connection with the Interstate/National Student Marketing merger which took place on October 31, 1969. The amended complaint was served over 5 years later, on June 10, 1975.

Decision on defendant's venue motion should be postponed for several reasons. First, plaintiffs claim that further discovery will show that Interstate Retirement Trust is not actually a trust but an unincorporated association, which can be sued directly under Rule 17(b), Fed.R.Civ.P. Secondly, even assuming that defendant is a trust which must be sued through the Bank as trustee, plaintiffs argue that the broader venue provision of the Securities Exchange Act, 15 U.S.C. § 78aa, takes precedence over the narrow venue provision of the National Bank Act. This issue is the subject of judicial debate,[7] however, and was recently argued in a case before the United States Supreme Court.[8] The anticipated ruling would of course be controlling, and it is therefore appropriate to defer a decision on the venue question.

Finally, it should be noted that this Court has been designated by the Judicial Panel on Multidistrict Litigation to conduct consolidated pretrial proceedings in the National Student Marketing Litigation. In the interest of expediting the discovery process, it appears quite proper for this Court to postpone a ruling on the venue issue until pretrial proceedings have been completed.[9]

Accordingly, it is this 26th day of April, 1976

ORDERED that the motion of Interstate National Corporation Employees' Retirement Trust to quash service of process, or in the alternative, to sever and dismiss for improper venue, be and it hereby is denied, without prejudice to renew at the conclusion of pretrial discovery.

---

7. The Second and Ninth Circuits have concluded that the specific venue of the National Bank Act should prevail: *Bruns, Nordeman & Co. v. American National Bank and Trust Co.*, 394 F.2d 300 (2d Cir. 1968), *cert. denied*, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968); *United States National Bank v. Hill*, 434 F.2d 1019 (9th Cir. 1970). The Third Circuit has taken the opposite view: *Ronson Corp. v. Liquifin Aktiengesellschaft*, 483 F.2d 852 (3d Cir. 1973).

8. *Radzanower v. Touche, Ross & Co.*, No. 75-268, argued March 30, 1976, 44 U.S.L.W. 3561 (U.S. April 6, 1976).

---

9. *See: Maricopa County v. American Petrofina Inc.*, 322 F.Supp. 467 (N.D.Calif.1971). *Cf., Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 309 F.Supp. 1053 (E.D.Pa.1969); *ABC Great States, Inc. v. Globe Ticket Co.*, 310 F.Supp. 739 (N.D. Ill.1970); *State of Illinois v. Harper & Row Publishers, Inc.*, 308 F.Supp. 1207 (N.D.Ill. 1969) (venue improper but transfer postponed).