**Mary K. PATTEN, Plaintiff-Appellant,**

v.

**CITY OF WATERLOO, and Waterloo Community School District, Defendant-Appellee.**

No. 59344.

Supreme Court of Iowa.

Dec. 21, 1977.

Roland D. Peddicord, of Peddicord, Simpson & Sutphin, P. C., Des Moines, for plaintiff-appellant.

Samuel T. Beatty, of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for defendant-appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REYNOLDSON, and HARRIS, JJ.

HARRIS, Justice.

We reverse a ruling of the trial court sustaining a special appearance. The original notice served on defendant omitted the name and the address of plaintiff's attorney. This name and address did however appear on a copy of plaintiff's petition which was attached to the original notice. The trial court first overruled plaintiff's motion to amend the original notice and thereafter sustained defendant's special appearance which was based on the omission.

The petition alleges that Mary K. Patten (plaintiff) was a passenger on a motorcycle which collided with a heavy unmarked log chain strung across a city street. The chain had been placed there to prevent the movement of vehicular traffic. It is alleged there were no traffic signs, barricades, or lights located near the log chain to warn the street had been so barricaded. Plaintiff brought this action for the negligent failure to adequately warn of the chain's presence.

The accident occurred July 19, 1975. Plaintiff's petition was filed December 31, 1975 against the City of Waterloo and the Waterloo Community School District (defendant). The City of Waterloo appeared generally and is not involved in this appeal. On January 2, 1976 defendant filed the special appearance challenging plaintiff's failure to designate the name and address of her attorney on the original notice. The name and address of plaintiff's attorney, if any, is to be stated on an original notice under rule 49, Rules of Civil Procedure.

■ I. Plaintiff argues that since the Iowa rules relating to process were amended in 1975 we should no longer require the same strict compliance formerly demanded with regard to the components of an original notice. From this premise plaintiff argues the name and address of her attorney which appeared on the petition attached to the original notice cured the omission. Plaintiff separately argues the trial court should have allowed her to amend her original notice under rule 59.1, R.C.P. Because we agree the trial court abused its discretion in denying the amendment it is unnecessary for us to consider whether the original notice, with the omission, was sufficient.

This is a case of first impression as we have not previously been called upon to interpret rule 59.1 since its adoption effective July 1, 1975. It provides:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Our rule 59.1 is an exact copy of rule 4(h), Federal Rules of Civil Procedure. We note and approve the following:

"* * * The purpose of Rule 59.1 accords with an essential purpose of procedural law * * * to ensure the resolution of disputes on their merits. The rule accomplishes this purpose by allowing errors in service of process to be corrected without prejudice to the plaintiff's cause of action. In contrast with past procedure in Iowa, technical mistakes will not preclude an injured plaintiff from recovery, except where the correction of such mistakes would materially prejudice the rights of a defendant. By so providing, the rule gives effect to the rights and interests of both parties to an action while at the same time espousing a policy of liberality to ensure fairness under all attendant circumstances.

"* * *

"Liberal construction of Federal Rule 4(h) by the federal courts has benefited plaintiffs in yet another respect. Federal courts have permitted amendment even after the statute of limitations has run on a cause of action, on the ground that the amendment relates back to the date of the original filing of the complaint. On the other hand, when the amendment has sought to add a new party after the limitations period has run, it is ordinarily rejected, on the premise that it amounts to an independent cause of action. * * *.

"Iowa's adoption of Federal Rule 4(h), as well as other federal rules regarding commencement of civil actions, indicates a growing acceptance by the supreme court of the modern federal trend toward liberality in the construction of procedural rules. * * * Although a policy of liberality concerning amendment should not allow for complete disregard of procedural requirements, it nevertheless seems self-evident that in order to avoid injustice, 'courts [should] apply liberal rules in permitting amendments.'" Note, Procedural Changes Concerning Commencement of Civil Litigation: Adrift with Rudder and Compass in Iowa, 62 Iowa L.Rev. 192, 229–231 (1976). See also 4 Wright & Miller, Federal Practice and Procedure, § 1088, p. 347 and § 1131, pp. 547–551 (1969).

■ Rule 59.1 was adopted as a part of the rule changes which brought our rules relating to form and service of process into conformance with the federal rules. Hence, while not binding, interpretations placed by the federal courts on federal rule 4(h) are entitled to great weight. *Cassady v. Wheeler*, 224 N.W.2d 649, 652 (Iowa 1974) and authorities. The federal courts have gone far to allow amendments of process to assure trial on the merits where defendants are served with a process which actually informs them of the matters required. *In re Nat. Student Marketing Litigation*, 413 F.Supp. 1159, 1160 (D.C.D.C.1976); *Bryson v. American Steel & Wire Div. of U.S. Steel Corp.*, 55 F.R.D. 3, 5 (D.C.Wis.1972); *Boatman v. Thomas*, 320 F.Supp. 1079, 1079–1080 (D.C.Pa.1971); *Dunham v. Innerst*, 50 F.R.D. 372, 373–374 (D.C.Pa.1970). It was held the court abused its discretion in not allowing an amendment in *United States v. A. H. Fischer Lumber Company*, 162 F.2d 872, 874–875 (4th Cir. 1947).

We hold the trial court abused its discretion in this case in not allowing the amendment. Defendant could not have been misled by the omission because the name and address of plaintiff's counsel appeared on the petition attached to the original notice.

Defendant contends material prejudice would result because it is claimed the stat-

ute of limitations would have run on this action if the notice were fatally defective. For the reasons explained in the following division we do not agree. In any event under the circumstances, the running of the statute of limitations is no ground to deny an amendment of process. *Kerner v. Rackmill*, 111 F.Supp. 150, 151 (M.D.Pa.1953).

II. We have indicated plaintiff must prevail on at least one of two grounds she urges on appeal. Lest the bench and bar be in some way misled we feel obliged to point out this is an appeal plaintiff was not required to perfect and win.

■ Defendant contends, and plaintiff does not seriously dispute, that plaintiff's action would be barred if the original notice challenged were held neither sufficient nor amenable. This contention rests on § 613A.5, The Code, which requires commencement of the action within six months unless notice is given to the governmental subdivision within 60 days after the alleged tort. Plaintiff gave no such notice within 60 days. Accordingly plaintiff was obliged to commence her action within six months from the date of the injury. Plaintiff *did* commence action within six months by the filing of her petition with the court. Rule 48, R.C.P. The six month statute upon which defendant relies was tolled by the filing of the petition. Rule 55, R.C.P. The tolling was unaffected by any deficiency, real or imagined, in the original notice.

It was hoped, with the amendment of our process rules in 1975, that parties served with an original notice of actions then on file would find no advantage in searching out technical defects or omissions in the original notice. Plaintiff could have avoided any question by serving defendant anew. Defendant had nothing to lose by simply appearing. The ruling of the trial court was in error. The actions of the parties in perfecting and resisting in this appeal were unnecessary.

REVERSED AND REMANDED.