## WILLIAM M. VERMILYEA & others *vs.* S. M. ROBERTS & trustee.

A person having funds of L. R. in his hands may be charged as trustee in an action brought originally against S. R., but, after the trustee's answer, changed by amendment into an action against "S. R., otherwise called L. R.;" and the liability of the trustee is not affected by an assignment made by the defendant since the service of the writ and before such amendment.

CONTRACT against S. M. Roberts. Thomas F. Currier was summoned as trustee. At October term 1868 of the superior court, at which the writ was returnable, the trustee answered that, at the time of the service of the writ upon him, he had no funds of S. M. Roberts in his hands; but, in answer to inter-rogatories filed by the plaintiffs, he admitted that he had funds of Lydia J. Roberts. At January term following, the writ was amended, on the plaintiff's motion, so that the action was brought against S. M. Roberts, otherwise called Lydia J. Roberts; due notice was given to Lydia J. Roberts, and she was defaulted. The trustee filed an additional answer, setting forth that on October 31, 1868, he received a copy of an assignment dated October 30, 1868, of the funds in his hands by Lydia J Roberts to Valentine Gleason. The trustee was charged in the superior court, and appealed.

*C. R. Train,* for the plaintiffs.

*T. F. Currier,* for the trustee.

CHAPMAN, C. J.   By the amendment, the action became one against S. M. Roberts, otherwise called Lydia J. Roberts, and the defendant has submitted to judgment.   The trustee admits that he has assets belonging to Lydia J. Roberts, and would be chargeable as trustee of that person.   As the judgment is against that person, he must be charged.   The judgment will protect him against any claim which she may make against him.

The notice to the trustee of an assignment made since the service upon him is immaterial.                    *Trustee charged.*