SAMUEL WEST *vs.* ISAAC L. PLATT & another & trustees.

Suffolk. November 17. — 20, 1874. WELLS & DEVENS, JJ., absent.

Persons having in their hands funds of a firm composed of J. R. P. and E. A. B. may be charged as trustees in an action brought originally against I. L. P. and E A. B., and, after the trustees' answer, changed by amendment into an action against J. R. P. and E. A. B.; and, where no other party has acquired intervening rights, the liability of the trustees in such case is not affected by the fact that since the service of process upon them and before the amendment they have paid over the funds due to the defendants and taken from them a bond of indemnity.

CONTRACT against Isaac L. Platt and Edward A. Boyd, described in the writ as doing business in New York under the name and style of Platt & Boyd. John R. Sowle and Joseph Ward were summoned as trustees. At January term, 1874, of the Superior Court, at which the writ was returnable, the trustees answered that at the time of the service of the writ upon them they had no effects of Isaac L. Platt and Edward A. Boyd in their hands; but in answer to interrogatories filed by the plaintiff, admitted that they had funds of John R. Platt and Edward A. Boyd, copartners of the firm of Platt & Boyd, which funds, immediately after service of process upon them, they paid over to the firm of Platt & Boyd, taking from them a bond of indemnity. After the filing of the trustees' answers to the interrogatories, the plaintiff had leave to amend his writ and declaration by striking out " Isaac L." and inserting in place thereof " John R."

The Superior Court charged the trustees; the defendants were defaulted and execution ordered to issue against the defendants' effects in the hands of said trustees. The trustees appealed.

*J. E. Hudson*, for the trustees, cited *Hawes* v. *Waltham*, 18 Pick. 451 ; *Fisk* v. *Herrick*, 6 Mass. 271 ; *Nash* v. *Brophy*, 13 Met. 476 ; *Knapp* v. *Levanway*, 27 Vt. 298 ; *Willis* v. *Crooker*, 1 Pick. 204 ; *Fairfield* v. *Baldwin*, 12 Pick. 388 ; *Putnam* v *Hall*, 3 Pick. 445 ; *Emerson* v. *Upton*, 9 Pick. 167 ; and contended that *Vermilyea* v. *Roberts*, 103 Mass. 410, was distinguishable, on the ground that in that case the trustee had not paid over the funds before the amendment, and because the amendment further described the same defendant and not a different person.

*O. W. Holmes, Jr.*, for the plaintiff.

GRAY, C. J. The answer of the trustees admits that they were indebted to a firm of Platt & Boyd. Boyd was correctly named in the writ, and the error in Platt's Christian name was cured by the amendment. The payment by the trustees, after service of the writ, and before the amendment, to the principal defendant, taking a bond of indemnity from him, did not alter their condition. Judgment against the trustees will protect them against any claim of the defendant. No other party having acquired intervening rights, by attachment or otherwise, the trustees were properly charged in the court below. Gen. Sts. *c.* 142, § 37. *Vermilyea* v. *Roberts*, 103 Mass. 410.

*Judgment affirmed.*