EUGENE P. CONNELLY *vs.* DIONNE TRUCKING, INC., & another.

Suffolk.    October 22, 1920. — November 23, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Attachment. Equity Pleading and Practice,* Amendment. *Equity Jurisdiction,* To reach and apply equitable assets.

A creditor of a corporation named "D Trucking, Inc.," brought a bill in equity to reach and apply in payment of the debt property in the possession of a third person not attachable at law, and in the bill described the debtor as "D Trucking Co., Inc.," although he intended to describe "D Trucking, Inc." After the third party, having been served with a subpoena and order of notice, had entered into a stipulation in writing to hold until further order of the court funds in his hands owing to the debtor, a trustee process was served upon him as trustee in an action at law by another creditor against the same debtor, in which the debtor was correctly described. The conflicting claims of the creditors being brought before the court, the plaintiff in the suit in equity was permitted to amend his bill so that it correctly described the debtor and a final decree was ordered directing that his claim be paid first from the fund. The second creditor appealed. *Held,* that the amendment properly was allowed, since it resulted in the correction of a mere clerical error or misnomer without creating an actual change of existing parties or introducing a new demand or cause of action.

BILL IN EQUITY, filed in the Superior Court on July 22, 1919, to reach and apply, in payment of a debt alleged to be due from "The Dionne Trucking Co., Inc." or from "The Hall Motor Truck Co." to the plaintiff, a debt alleged to be owing to them from one H. P. J. Earnshaw.

The defendant trucking companies admitted the allegations of the bill. Earnshaw was served with a subpoena and an order of notice on July 28, 1919, and on August 7 entered into a stipula-·

tion that he would hold, "pending the order of the Court," $971.60, which was in his hands and possession and owing either to the Hall Motor Truck Company or to "Dionne Trucking Co."

On August 7, also, "probably after the stipulation just referred to," (as the judge found) Earnshaw was served with a trustee process in an action by the Jenney Manufacturing Company against "Dionne Trucking, Inc." Earnshaw then filed an answer containing a prayer that it be determined to whom he should pay the money in his hands; and he thereupon was ordered to pay the sum of $971.60 into court and the plaintiff was ordered to give notice to Dionne Trucking, Inc., to the Jenney Manufacturing Company, and to certain other creditors of Dionne Trucking, Inc., to show cause why Earnshaw's prayer should not be granted.

The creditors appearing, the various claims were heard by *Wait*, J., a commissioner being appointed under Equity Rule 35 to take the testimony. Material findings of fact by the judge are described in the opinion. The plaintiff thereupon moved to amend his bill by correcting the description of Dionne Trucking, Inc., and the motion was allowed and by order of the judge a final decree was entered directing the payment to the plaintiff of $771.25 and costs taxed at $47.84 out of the funds paid into court by Earnshaw, and that the balance be held pending determination of an action at law brought by the Jenney Manufacturing Company. The Jenney Manufacturing Company appealed.

The case was submitted on briefs.

*R. M. Bowen,* for the Jenney Manufacturing Company.

*J. J. Carraher,* for the plaintiff.

CROSBY, J. This is a bill in equity by which the plaintiff seeks to recover a debt due him from the Hall Motor Truck Company of New England, or from the Dionne Trucking, Inc. The bill alleges that the defendants have no property which may be attached in an action at law. The defendants have admitted the allegations of the bill, and the alleged trustee has answered. As no question of jurisdiction is raised, we proceed to consider the only issue of law presented by the record.

The bill was filed on July 22, 1919, and the Dionne Trucking, Inc. is described therein as the "Dionne Trucking Co., Inc." A subpoena was served on the trustee Earnshaw on July 28, 1919,

and on the defendants on August 6, 1919; on August 7, 1919, Earnshaw was summoned as trustee in an action at law brought by the Jenney Manufacturing Company, the claimant in this suit, against the "Dionne Trucking, Inc." which is the corporate name of the defendant.

Without reciting all the proceedings in the case, the record shows that a hearing was had in the Superior Court at which the Jenney Manufacturing Company appeared and claimed that the attachment made by it of the funds in the hands of the trustee was valid against the plaintiff in this suit, because of the mis-nomer of the Dionne Trucking, Inc. in the bill. The judge filed a finding of facts, and ordered that a decree be entered directing that the plaintiff be paid $771.25 and taxable costs amounting to $47.84, out of the funds originally in the hands of the trustee, which were afterwards paid to the clerk of the Superior Court, the balance to be held to await the final determination of the action at law brought by the claimant. After the findings were made, the court allowed a motion to amend the bill by striking out the name "Dionne Trucking Co., Inc." wherever it appeared and substituting therefor "Dionne Trucking, Inc."; a final decree was entered in accordance with the order and the case is before us on the claimant's appeal.

The only error in the description of the defendant in the bill was in the insertion of "Co." after the word "Trucking." The judge found the following, among other facts: that there was no mistake on the part of the plaintiff as to the corporation intended to be described, that the trustee Earnshaw was not misled by the mistake in the name and knew that "'Dionne Trucking, Inc.' was the person the plaintiff had in mind as 'The Dionne Trucking Co., Inc.'"; that "From first to last there has been no mistake or misunderstanding on the part of any one as to the person intended to be dealt with under the varied appellations. That person was Dionne Trucking, Inc."

In view of these findings which, upon the evidence and the reasonable inferences to be drawn therefrom, we cannot say were unwarranted, we are of opinion that the decree should stand. The amendment did not create an actual change of existing parties, nor did it have the effect of introducing a new demand or a new cause of action; it resulted in the correction of a mere clerical

error or misnomer. The defendant appeared and admitted the indebtedness and raised no question as to the correctness of its corporate name as described in the bill. Earnshaw also appeared and admitted his indebtedness either to the Hall Motor Truck Company of New England or the Dionne Trucking, Inc. There is nothing to show that there was any such corporation as the "Dionne Trucking Co., Inc." Accordingly *Mathews Slate Co.* v. *Sweeney,* 219 Mass. 285, and *Frank* v. *Millen,* 226 Mass. 71, are to be distinguished from the present case. The mistake was not material to the merits of the case and there is no evidence that the claimant had any reason to believe that the plaintiff did not intend actually to bring his bill against Dionne Trucking, Inc.; it was not prejudiced by the amendment and its attachment is subject to the rights of the plaintiff. *Wight* v. *Hale,* 2 Cush. 486. *Vermilyea* v. *Roberts,* 103 Mass. 410. *Cain* v. *Rockwell,* 132 Mass. 193. *Norris* v. *Anderson,* 181 Mass. 308. *Bollwerk* v. *Hirshon,* 227 Mass. 375. The cases of *West* v. *Platt,* 116 Mass. 308, *Terry* v. *Sisson,* 125 Mass. 560, and *Jordan Marsh Co.* v. *Hale,* 219 Mass. 495, relied on by the claimant, are plainly distinguishable in their facts from the case at bar.

*Decree affirmed with costs.*