**John N. DUNHAM, Administrator of the Estate of John A. Jackson, III, Deceased, Plaintiff,**

v.

**Ralph P. INNERST, Associated Architects & Engineers, and Yorkaire Cooling & Heating Sales Company, Inc., Defendants.**

**Civ. No. 9714.**

United States District Court,
M. D. Pennsylvania.
May 11, 1970.

ciated Architects and Engineers, Inc., but plaintiff has since determined that this firm does business as a partnership and not a corporation and, consequently, seeks to substitute Donald A. Gilbert, C. H. Rohrbaugh, G. C. Weisensale and Warren D. Ziegler, trading and doing business as Associated Architects & Engineers, a partnership. Inasmuch as the Statute of Limitations has run, the named partners oppose the motion.

The parties informed the Court that the named individuals originally incorporated the business in 1954, but discovered later that, under State law, architects could not operate as a corporation, but must function as a partnership. Since then the business has operated as a partnership, although the corporation was never officially dissolved. Service of the original complaint was made November 26, 1966, and according to the United States Marshal's return, " * * * made service on Associated Architects and Engineers by making service on Mr. Flen Weisensale, partner and part-owner * * * at 742 South George St. York", the latter address having been identified as the principal office of the Corporation.

Rule 4(h) of the Federal Rules of Civil Procedure provides:

"*(h) Amendment.* At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Markowitz, Kagen & Griffith, York, Pa., for plaintiff.

Metzger, Wickersham, Knauss & Erb, Harrisburg, Pa., for Ralph P. Innerst.

Dowling & Dowling, Harrisburg, Pa., Stetler & Gribbin, York, Pa., for Associated Architects and Engineers.

Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., for Yorkaire Cooling & Heating Sales Co., Inc.

## MEMORANDUM

NEALON, District Judge.

In this death action, plaintiff has filed a motion to amend his complaint. When suit was filed November 21, 1966, among the defendants named was Asso-

Both Fed.R.Civ.P. 15(a), relating to the amendment of pleadings, and Rule 4(h), concerning amendment of process, should be given a liberal construction, and if the party sought to be properly named received notice, he has not been prejudiced, and it is in the interest of justice to permit the amendment. Infotronics Corporation v. Varian Associates Corporation, 45 F.R.D. 91 (S.D.Tex.1968). Of course, the indivi-

dual defendants were never formally named as defendants, but there is no contention that they were not fully aware of the lawsuit from its beginning and, consequently, there has been no showing of prejudice. See Bowles v. Marx Hide & Tallow Co., 4 F.R.D. 297 (D.C.Ky.1945); Adams v. Beland Realty Corporation, 187 F.Supp. 680 (E.D. N.Y.1960).

> "The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person. And this test should apply though the amendment is sought after the statute of limitations has run as to the person or entity misnamed in the process." 2 J. Moore, Federal Practice, 2d ed., Sec. 4.44, pp. 1295.52, 1295.53.

See also, Wright & Miller, Federal Practice and Procedure: Civil § 1131; United States v. A. H. Fischer Lumber Co., 162 F.2d 872 (4th Cir. 1947).

The motion to amend will be granted.