**Earnice HAWKINS, Plaintiff,**

v.

**DEPARTMENT OF MENTAL HEALTH et al., Defendants.**

**No. K79–548–CA9.**

United States District Court,
W. D. Michigan, S. D.

Jan. 26, 1981.

Daryl J. Mumford, Holmes, Harter & Mumford, Battle Creek, Mich., for plaintiff.

George L. McCargar, and Craig Atchinson, Asst. Attys. Gen., Lansing, Mich., for defendants.

OPINION AND ORDER

GIBSON, District Judge.

This matter has come before this Court pursuant to a motion to quash service of process filed by Defendant Michigan Department of Civil Service Hearing Examiner. The motion seeks dismissal of this case under Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, or an order of this Court quashing service of process as to that defendant under Rules 12(b)(4) or 12(b)(5). Inasmuch as that defendant has failed to demonstrate to this Court any material prejudice to any substantial rights, this Court denies the alternate motions.

Other than a passing reference to an alleged lack of personal jurisdiction, defendant's motion to quash and brief in support thereof do not make reference to any grounds for dismissing this case under Rule 12(b)(2). The Court has been provided with no affidavits or other documentation showing that said defendant is not presently in Michigan. Nor has the defendant offered any other support for the position that the Rule 12(b)(2) motion must be granted based on the allegations made in support of the Rule 12(b)(4) and 12(b)(5) motions.

In considering the motion to quash for defects in process and insufficiency of process, this Court must look to whether or not there has been any material prejudice to any substantial rights of the complaining defendant. And if the defect alleged by the defendant can be or has been corrected by subsequent amendment of the pleadings, this Court should exercise its discretion so as to allow such an amendment. *Dunham v. Innerst,* 50 F.R.D. 372 (M.D.Pa.1970); *Bowles v. Marx Hide & Tallow Co.,* 4 F.R.D. 297 (D.Ky.1945); *Adams v. Beland Realty Corporation,* 187 F.Supp. 680 (E.D.N.Y. 1960); *Boatman v. Thomas,* 320 F.Supp.

1079 (M.D.Pa.1971); 5 Wright & Miller, Federal Practice and Procedure: *Civil* §§ 1353–54 (1969 and supp. 1979) (collecting cases); *Annot.,* 2 A.L.R.F. 513 (1969) (collecting cases).

In 1947, Chief Judge Parker issued the following admonition to all litigants appearing in his court, advice which this Court believes all parties hereto should take to heart and heed very seriously in proceeding with this case:

> . . . A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*United States v. A. H. Fischer,* 162 F.2d 872, 873 (4th Cir. 1947). It is clear from the record in this case that the Michigan Department of Civil Service Hearings Examiner, as identified in the plaintiff's second amended complaint, is aware of the pendency of the action brought by the plaintiff. The Attorney General of the State of Michigan, as counsel for the various departments of the government of the State of Michigan, is aware of the pendency of these proceedings also. Accordingly, the defendant cannot seriously contend that there has been a material prejudice to some substantial right, for plaintiff's service of process has accomplished that which it was intended to do, *viz.,* afford the defendants notice of the pendency of this action against them. And the record reflects that a United States Marshal delivered a summons and complaint on February 7, 1980, to the Detroit regional office of the Department of Civil Service. In light of the foregoing, it is this Court's opinion that a quashing of the service of process either on the grounds of failure to furnish defendant with adequate process (the Rule 12(b)(4) motion) or failure to furnish defendant with sufficient

service of process (the Rule 12(b)(5) motion) would be an unjust delay of these proceedings. All parties know who all the parties hereto are, and there is no reason to delay this case any further for the reasons asserted by the defendant in the motion to quash.

Normally, the Court would grant the plaintiff leave to amend the complaint to avoid the problems identified by the defendant. However, it appears to this Court that plaintiff's prior amendments of the complaint have corrected any alleged defect in the pleadings and in identifying the parties. Accordingly, there is no need for the plaintiff to amend the pleadings. If the plaintiff believes that further amendment is necessary in light of this Court's opinion and order, she should apply for such leave to amend as may be necessary within 20 days of the date of this opinion, setting forth in an affidavit the reasons why further amendment of the complaint and amended complaints on file will be necessary.

IT IS SO ORDERED.