**Wanda M. SHOAP, Administrator of the Estate of Kevin A. Farner, Deceased, Plaintiff,**

v.

**KIWI S.A. a/k/a Kiwi Digoplex, Defendant.**

**No. 1:CV–91–0981.**

United States District Court, M.D. Pennsylvania.

June 2, 1993.

---

Anthony Stefanon, Harrisburg, PA, for plaintiff.

Austin Hogan, Philadelphia, PA, for defendant.

### MEMORANDUM

McCLURE, District Judge.

### BACKGROUND:

On August 1, 1991, plaintiff Wanda M. Shoap, in her position as administrator of the estate of Kevin A. Farmer ("decedent"), filed a complaint alleging that decedent's death was caused by defects existing in a motorcycle helmet. Decedent was involved in a motorcycle accident on August 7, 1989, and died as a result of injuries occurring in the accident.

Plaintiff, via the court, attempted service upon the named defendant, Kiwi S.A. a/k/a Kiwi Digoplex, through letters rogatory. The attempt at service led to the supply to plaintiff of information that the proper party-defendant might be an entity known as Digoplex S.A. Apparently, Kiwi S.A. was in liquidation, and assets of that company, including the factory that manufactured the helmet in question and the rights to manufacture and sell the helmet, had been sold to Digoplex S.A.

After receipt of this information, plaintiff requested that the court issue a second set of letters rogatory. The letters rogatory were issued and served upon the liquidator of Kiwi S.A.

Before the court is plaintiff's motion to amend the complaint. Plaintiff seeks leave to amend the complaint to name Kiwi S.A. and Digoplex S.A. as separate defendants. Defendant(s) oppose the motion, since it is not a named defendant and the period of the applicable statute of limitations has run.

### DISCUSSION:

Both sides agree that the question of amending a complaint to add a defendant after the applicable statute of limitations has run is governed by Fed.R.Civ.P. 4(j), 15(c). Rule 4(j) states that service must be made within 120 days after the filing of a summons and complaint, but adds, "This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule." Subdivision (i) includes service by letters rogatory. Rule 4(i)(1)(B). The use of letters rogatory is a proper method of service in Switzerland, *See generally Umbenhauer v. Woog,* 969 F.2d 25, 28 (3d Cir.1992), the home country of defendant(s). Therefore, there is no time limit on service of process after the complaint has been filed. However, the complaint must still be filed within the statute of limitations, which is unaffected by Rule 4(j).

Rule 15 governs amended and supplemental pleadings. At the time of the filing of the complaint, August 1, 1991, it stated in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be

brought in by amendment, that party (1) has received notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

In *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court held that the party to be added by the amendment must have received notice of the action within the period prescribed by the statute of limitations. The Court also set forth four factors to be satisfied before an amendment will relate back to the original date of the pleading:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading;

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

(3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

(4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.* at 29, 106 S.Ct. at 2384.

While the *Schiavone* opinion has been abrogated by a subsequent amendment to Rule 15(c), *see* current Fed.R.Civ.P. 15(c) and notes to 1991 Amendment thereto, there is no dispute between the parties that former Rule 15(c) and *Schiavone* should govern the instant motion since they were in effect at the time of the filing of the complaint. *See* Defendant's Memorandum of Law in Support of Opposition to [ ] Plaintiff's Motion to Amend Designation of Parties (applying former Rule 15(c) and *Schiavone* ) Reply Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint (not contesting the application of those authorities).

It is also clear from the record that the first factor set forth in *Schiavone* has been met, since the basic claim remains the same in both the complaint and the proposed amendment: that the motorcycle helmet worn by plaintiff's decedent failed to prevent his fatal injuries on the date of the accident.

The issue over which there is dispute is whether Digoplex S.A. received notice of the complaint prior to the running of the statute of limitations. The disposition of this issue affects factors (2) through (4) set forth in *Schiavone.*

The date of the accident was August 7, 1989. The statute of limitations governing this action is two (2) years from the date of the accident, 42 Pa.Cons.Stat.Ann. § 5524(2), and so would expire on August 7, 1991. Plaintiff clearly did not serve defendant(s) with the complaint before the statute of limitations expired. Therefore, under Rule 15(c) and *Schiavone,* plaintiff would not be entitled to amend.

■  The analysis does not end there, however. While both parties have treated this issue as a "relation-back" problem under Rule 15(c), we believe that the issue is actually mislabeling of the defendant. Under the "misnomer" line of cases, a plaintiff who has served the correct party, but has mistakenly used the wrong name for that party, may move to amend the caption to correct the name. *Munetz v. Eaton Yale and Towne, Inc.,* 57 F.R.D. 476, 479 (E.D.Pa.1973).

■  In *Datskow v. Teledyne, Inc., Continental Products Div.,* 899 F.2d 1298 (2d Cir. 1990), plaintiff sued the defendant under the name "Teledyne, Inc. Continental Motors Division" located at "Box 90, Mobile, Alabama 36601." *Id.* at 1300. Plaintiff moved to amend the complaint to identify "Teledyne Continental Motors Aircraft Products, a Division of Teledyne Industries, Inc." *Id.*

In reversing the denial of the motion and the dismissal of the suit, the Second Circuit said,

[The trial court] was not insensitive to the predicament of the plaintiffs and the severity of the result that he reached. But he felt obliged to reach it as a court of limited jurisdiction, noting that the plaintiffs had waited until four days before the end of the limitations period to initiate the suit and then had not commenced it prop-

erly. We share the Judge's assessment of plaintiffs' deficiencies but reach a different result because we believe that plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant and that the defendant's conduct, in the circumstances of this case, precludes it from complaining about the absence of personal service.

*Id.* at 1301. The court added that "the line between naming the wrong defendant and mislabeling the right one must be drawn in light of the context of the nomenclature created by the defendant and the labeling undertaken by the plaintiffs assessed against that context." *Id.* Considering the use of the name "Teledyne" by both the parent company and its subsidiaries, but with slight variations in the context, as well as the operation of the plant in Alabama, the court concluded that the defendant had created confusion as to its correct corporate name. *Id.* at 1302.

The court also contrasted the facts of the case to *Schiavone,* where the correct name of the parent company and proper defendant, Time, Inc., was clearly identified. *Datskow* at 1302. Finally, the *Datskow* court noted that the complaint had adequately identified the defendant and alerted the defendant that it was the one being sued. *Id.* We would also note that the service of process problem that existed in *Datskow, see id.* at 1302–1304, does not exist in the instant case since, as noted above, using letters rogatory is the proper method of service on a Swiss defendant.

In the instant case, plaintiff wished to sue the party manufacturing motorcycle helmets at a plant with the address of "6537 Grono/GR, Switzerland." At the time of plaintiff's accident, that party was Digoplex S.A. The literature supplied by Digoplex S.A. with the helmets it was selling, subsequent to its purchase of the assets of Kiwi S.A., states, "Manufactured by KIWI SA–6537–GRONO–SWITZERLAND." Plaintiff could not reasonably be expected to discover that Kiwi S.A. was not the manufacturer of the helmets when this literature clearly states otherwise. It was not until January 10, 1992, that plaintiff received information through counsel for Digoplex S.A. that Kiwi S.A. and Digoplex S.A. were in fact separate entities.

Moreover, service was made at an address which Digoplex S.A. admits it was using at that time for the manufacture of motorcycle helmets under the Kiwi name. The caption of the complaint served at the address provided by Digoplex S.A. included the designation of "Kiwi S.A. a/k/a Kiwi Digoplex" as the defendant. Thus, Digoplex knew or should have known that it was the subject of the instant action. That Digoplex S.A. responded to the complaint by contacting counsel for plaintiff indicates that there was notice of the suit.

In short, this is not a case in which plaintiff is trying to add a new party, or even one in which plaintiff was simply confused by similar names of a parent corporation and its subsidiaries. In this case, Digoplex S.A. actually identified *itself* as Kiwi S.A. and provided a particular address, at which service was *actually* made. It cannot then be heard to complain that it was not properly served within the applicable statute of limitations, since it would have been properly served within the 120 days from the date of the filing of the complaint *but for its own conduct.*

Finally, Digoplex S.A. argues that a judgment against it is unenforceable because Swiss law should govern this action and Swiss law does not recognize the product line exception, as does Pennsylvania law. Assuming, *arguendo,* that this is the case, then plaintiff has failed to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), or Digoplex may be entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We believe that this argument is premature, and would more properly belong in a motion to dismiss or a motion for summary judgment. *See Jones v. SEPTA,* No. 91–7179, 1993 WL 141646 (E.D.Pa. filed April 30, 1993) (motion for summary judgment).

\* \* \*

An order will be entered consistent with this memorandum.

*ORDER* (# 1)

For the reasons stated in the accompanying Memorandum, **IT IS ORDERED THAT:**

1. Plaintiff's motion (record document no. 17) for leave to amend the complaint is granted.

2. Plaintiff shall amend the complaint within fourteen (14) days to name Kiwi S.A. and Digoplex S.A. as separate entities.

3. The court will schedule a case management conference by separate order.