# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3000

_____

| | | |
|---|---|---|
| Susan Roberts, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Ron Michaels, d/b/a Mid-South | * | Eastern District of Arkansas. |
| Vending, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: February 16, 2000

Filed: July 19, 2000

_____

Before RICHARD S. ARNOLD, HEANEY, and LOKEN, Circuit Judge.

_____

LOKEN, Circuit Judge.

Susan Roberts commenced this Title VII action against her former employer, Midsouth Vending, alleging that persistent sexual harassment by a co-worker had forced her to resign as a vending service route driver. Roberts named and personally served Ron Michaels, d/b/a Mid-South Vending, as the sole defendant. Michaels answered the complaint, waited four months, and moved for summary judgment on the ground that Roberts's employer was Midsouth Food Vending Service, Inc., not Michaels. The district court denied her motion for leave to amend and dismissed the

complaint without prejudice, even though the statute of limitations on Roberts's Title VII claim had expired. See 42 U.S.C. § 2000e-5(f)(1). The court concluded that Roberts, without good cause, had failed to serve the proper defendant within the 120 days allowed by Rule 4(m) of the Federal Rule of Civil Procedure. Roberts appeals. We reverse.

## I.

Michaels and his wife incorporated Midsouth Food Vending Service, Inc., in 1980. Michaels is its president and general manager. In October 1989, the corporation began conducting its business under a registered fictitious name, "Midsouth Vending." After Roberts resigned as a Midsouth Vending route driver, she applied to the Arkansas Department of Employment Security for unemployment benefits. Midsouth Vending successfully opposed that application on the ground that Roberts had quit her job without good cause. At the administrative hearing, Michaels testified that he was the president of "Midsouth Vending Inc." When Roberts appealed the adverse agency determination, the Arkansas Court of Appeals caption listed "Midsouth Vending, Inc.," as the employer-appellee.

Roberts also filed a sexual harassment charge with the Equal Employment Opportunity Commission. In response, Michaels submitted an affidavit averring that he was the president and general manager of "Midsouth Vending, Inc., an Arkansas corporation." Three other Midsouth employees also submitted affidavits averring that they worked for "Midsouth Vending, Inc.," and the attorney who later represented the defendant in this lawsuit submitted a Position Statement to the EEOC as "counsel for Midsouth Vending, Inc." When the EEOC sent its right-to-sue letter to Roberts, the agency sent a copy to "Mid-South Vending, Mr. Ron Michaels, 105 Laurel, Newport, AR 72112."

Prior to commencing this action, Roberts's attorney called the Arkansas Secretary of State's office to verify the corporate status of "Midsouth Vending, Inc." He was correctly advised no such corporation exists. Counsel then filed this suit, naming Michaels "d/b/a Mid-South Vending" as defendant, and served the complaint on Michaels a few days later. Paragraph four of the Complaint alleged:

> 4. That Defendant, Ron Michaels, d/b/a Mid-South Vending, is a citizen and resident of Campbell Station, 72112 with his principal place of business located at 105 Laurel, Newport, Arkansas 72112.

Michaels's Answer admitted that "*defendant* is a resident of Campbell Station, Arkansas," implying that Ron Michaels does business as Mid-South Vending.

After Rule 4(m)'s 120-day service period had expired, Michaels moved for summary judgment, disclosing the corporate identity of Midsouth Food Vending Service, Inc., and alleging that Roberts had sued and served the wrong party. Roberts moved for leave to amend her complaint to name Midsouth Food Vending Service, Inc. The district court denied the motion to amend and granted summary judgment in favor of Michaels, concluding that Roberts had not demonstrated good cause for her failure to serve the right party, and declining to grant a discretionary extension of the 120-day service period.[1]

---

[1]Rule 4(m) provides in relevant part:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's

**II.**

The district court erred in failing to consider the well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name. As the Fourth Circuit explained in an early case:

> The [defendant] corporation had the right to be accurately named in the process and pleadings of the court; and misnomer was properly raised by motion to dismiss . . . . When the motion was made, however, plaintiff, upon his request, should have been permitted to amend. What was involved was, at most, a mere misnomer that injured no one, and there is no reason why it should not have been corrected by amendment. The case is not one, as the judge below apparently thought, of an amendment which would bring the defendant into the case for the first time and might prejudice its right to rely on the statute of limitations.

United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873-74 (4th Cir. 1947). This misnomer principle is most obviously appropriate in cases where the plaintiff has sued a corporation but misnamed it. Fischer was such a case, as were Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 223-25 (4th Cir. 1999), and Grandey v. Pacific Indem. Co., 217 F.2d 27, 28-29 (5th Cir. 1954). But the principle has been applied more broadly, for example, to complaints that named a corporation instead of a partnership, a parent corporation instead of a subsidiary, a building instead of its corporate owner, and a corporation in liquidation instead of its successor.[2]

---

failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996) (emphasis in original).

[2]See Datskow v. Teledyne, Inc., 899 F.2d 1298, 1301-02 (2d Cir.) (parent-subsidiary), cert. denied, 498 U.S. 854 (1990); Montalvo v. Tower Life Bldg, 426 F.2d 1135, 1146-47 (5th Cir. 1970) (building-corporate owner); Travelers Indem. Co. v.

If a plaintiff has named and served the wrong defendant, or has named and served the right defendant by the wrong name (a true misnomer situation), the decision whether to dismiss the complaint without prejudice under Rule 4(m), or to grant the plaintiff leave to amend, is critical when, as in this case, the statute of limitations expired after the filing of the original complaint. If the plaintiff is forced to file a new suit, she will be time-barred. To proceed in the initial suit, she needs to amend her complaint to name the proper defendant, and the amended complaint must relate back to the original complaint to avoid the statute of limitations bar. The current Federal Rules of Civil Procedure reflect the traditional misnomer principle in Rule 4(a), which gives the district court discretion to amend a summons, and, more importantly, in Rule 15(c)(3), which provides in relevant part:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> \* \* \* \* \*
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should

---

United States ex rel. Construction Specialties Co., 382 F.2d 103 (10th Cir. 1967) (parent-subsidiary); Shoap v. Kiwi S.A., 149 F.R.D. 509 (M.D. Pa. 1993) (successor corporation); Dunham v. Innerst, 50 F.R.D. 372 (M.D. Pa. 1970) (corporation-partnership); Adams v. Beland Realty Corp., 187 F. Supp. 680 (E.D.N.Y. 1960) (same).

have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Though the district court did not consider Rule 15(c)(3), we conclude that Roberts qualifies for relief under that provision. First, unlike the plaintiff in Adams v. AlliedSignal, 74 F.3d at 887, Roberts promptly moved to amend to add the proper corporate defendant after Michaels disclosed the problem by moving for summary judgment. Second, Roberts asserts the same claim in her amended complaint, as Rule 15(c)(3) requires. Third, Rule 15(c)(3)(A) is satisfied because Midsouth Food Vending Service, Inc., received actual notice of the suit when Ron Michaels, its president and general manager, was personally served with the initial complaint well within the time prescribed by Rule 4(m).[3] Finally, by reason of their prior participation in the unemployment benefits hearing and the EEOC investigation, both Michaels and Midsouth Food Vending Service, Inc., "knew . . . that, but for a mistake concerning the identity of the proper party, the action would have been brought against" the corporation. Rule 15(c)(3)(B).

In addition to satisfying the requirements of Rule 15(c)(3), Roberts meets the standards for invoking the traditional misnomer principle. Ron Michaels and Midsouth Food Vending Service, Inc., created the potential for confusion by doing business under a fictitious name, Midsouth Vending. Michaels and the corporation's attorney compounded the confusion during the unemployment benefits and EEOC proceedings by using the wrong corporate name, Midsouth Vending, Inc. Roberts's attorney prudently checked that name with the Arkansas Secretary of State, learned that no such corporation existed, and concluded that Midsouth Vending was a d/b/a. A more thorough inquiry might have uncovered the corporate owner of that d/b/a, but Roberts

---

[3]Rule 15(c)(3) references the Rule 4(m) period, rather than the statute of limitations period, a change intended to overrule the Supreme Court's interpretation of the prior Rule 15(c) in Schiavone v. Fortune, 477 U.S. 21, 30-32 (1986). See Rule 15 Advisory Committee Notes (1991).

was not illogical in inferring that Midsouth Vending was a proprietorship owned by Ron Michaels. Finally, after the initial complaint was served, Michaels and his attorney, who was the corporation's attorney in the earlier administrative proceedings, prolonged Roberts's confusion by filing an answer that, read literally, admitted that Midsouth Vending was a d/b/a of Michaels.

The judgment of the district court is reversed. The case is remanded with instructions to enter an order granting Roberts's motion for leave to file an amended complaint naming Midsouth Food Vending Service, Inc.; providing that the amended complaint relates back under Rule 15(c)(3); and amending the initial summons under Rule 4(a) so that the service on Ron Michaels was also service on Midsouth Food Vending Service, Inc.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.