**YOUNG'S TRADING COMPANY,**
**Plaintiff,**

v.

**FANCY IMPORT, INC., Yeong H. Yun, Chun H. Yi, and Hoon G. Jeong, Defendants.**

No. 03–2637 D.

United States District Court,
W.D. Tennessee,
Western Division.

July 6, 2004.

Ronald W. Kim, Kim, Willcox, McArthur & Taylor, Memphis, TN, for Plaintiff.

A. Todd Merolla, A. Todd Merolla, P.C., Atlanta, GA, Eugene S. Forrester, Jr., Farris, Mathews, Branan, Bobango, Hellen & Dunlap, Memphis, TN, for Defendants.

## ORDER DENYING DEFENDANT YUN'S MOTION TO DISMISS

DONALD, District Judge.

Before the Court is Defendant Yeong H. Yun's ("Yun") motion to dismiss. Young's Trading Company ("Plaintiff") asserts claims for breach of contract, violations of the Tennessee Consumer Protection Act, violations of the Sherman Act, and a variety of torts under Tennessee law. Defendant moves for dismissal for failure of effective service of process. For the following reasons, the Court **DENIES** Yun's motion for dismissal.

On June 24, 2003, Plaintiff filed the instant action against Yun and his co-defendants in the Chancery Court of Tennessee. Defendants Fancy Import, Inc., Chun H. Yi, and Hoon G. Jeong were served with summons and copies of the complaint in Atlanta, Georgia on July 28, 2003. At the time, Yun resided in Korea and did not receive service. Fancy Imports, Inc., Mr. Yi, and Mr. Jeong removed this case to federal court on August 26, 2003.

On March 12, 2004, Plaintiff served Yun at his place of employment, Fancy Imports, Inc., in Atlanta, Georgia. Yun did not answer, and Plaintiff filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55. The Court Clerk denied the motion for default. Thereafter, Yun filed his response in opposition to Plaintiff's motion for default. In that response, Yun also moved to dismiss for failure to effect service of process.

Federal Rule of Civil Procedure 12(b)(5) enables a defendant to file a motion to dismiss for a plaintiff's failure to effect service of process. The dismissal motion could also be regarded as a motion to quash service. Rule 4 outlines the manner of ser-

vice required. Fed.R.Civ.P. 4. Where service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case. *Haley v. Simmons,* 529 F.2d 78, 79 (8th Cir.1976).

Courts construe provisions of Rule 4 liberally in order to uphold service, requiring only "substantial compliance." *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982). In exercising its discretion under Rule 4, a court may consider whether the plaintiff's error resulted from innocent mistake or inexcusable neglect. *Gianna Enterprises v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1359 (S.D.N.Y.1982). In *Hawkins v. Dept. of Mental Health,* 89 F.R.D. 127 (W.D.Mich.1981), the court held that quashing service of process would result in an unjust delay of the proceedings when the defendant could not seriously contend that there was prejudice to some substantial right of the defendant.

Yun argues for dismissal because Plaintiff's failure to meet the requirements of subsection 4(m). Subsection 4(m) requires a plaintiff to serve each defendant within 120 days of filing the complaint. Yun states the rule correctly, yet subsection 4(m) does not apply to service in a foreign country. *Lucas v. Natoli,* 936 F.2d 432, 432 (9th Cir.1991). Yun does not dispute that he resided in Korea during the relevant service time limit. (Yun Decl. ¶ 1.) Nor does Yun dispute that Plaintiff personally served Yun one month after he moved from Korea to Atlanta, Georgia. (*Id.* ¶ 3.) Yun has not shown that the delay in service prejudiced his defenses to the action. Even if the Court were to apply 4(m) to Plaintiff's attempt at service, Plaintiff is in substantial compliance. Within the discretion of the Court and for good cause shown, the Court finds that Plaintiff's delay in service on Yun was innocent. Accordingly, the Court **DENIES** Yun's motion to dismiss for failure to effect service of process under Rule 12(b)(5).

Yun has not answered the Complaint, yet he denies all of Plaintiff's allegations of liability. (Def. Yun's Resp. in Opp. to Pl.'t Mot. for Default J. at 3.) In light of its ruling and in the interest of fairness, the Court enlarges the period in which Yun may answer the Complaint. Yun may file an answer to the Complaint within twenty (20) days from the entry of this Order. If he does not file an answer, the Court will enter a default judgment of Yun's liability on Plaintiff's claims.