Greco, P.J.
In its complaint, Environmental Compliance Services, Inc. (“ECS”) sued “Boott Cotton Mills Development Corporation, LLC” (emphasis supplied) and The Scott Lawson Group, Ltd. (“Lawson Group”), alleging that the defendants had breached the contract of the parties by their failure to pay ECS for environmental consulting services it had performed on their behalf. According to the parties’ Dist./Mun. Cts. R. A. D. A., Rule 8B, agreed statement of the case, there was in-hand service of the complaint on April 18, 2008 on “Edward F. Barry, Jr., agent, person in charge at the time of service for Boott Cotton Mills Development Corporation LLC.” When no answer was filed, ECS sought a default judgment, noting that the word “Corporation” was inadvertently added to the name of the defendant, and requesting the court to enter the judgment against Boott Cotton Mills Development, LLC. (It is agreed that there is no such entity as Boott Cotton Mills Development Corporation, LLC.) A default judgment was entered against Boott Cotton Mills Development, LLC in the amount of $14,755.62. In the ensuing weeks, Edward F. Barry, Jr. (“Barry”), who was president of Boott Cotton Mills Development, LLC and another entity named Boott Cotton Mills Development Corporation, acknowledged to ECS that the money was owed, and offered to make payments of $20.00 per week. When that offer was rejected, counsel for Boott Cotton Mills Development, LLC filed a motion “to correct clerical mistake,” claiming that he “assumed” it was a “clerical mistake” to enter a default judgment against an entity that was not originally named as a party, was never summonsed, and had no dealings with ECS. ECS argued in opposition that it had simply misnamed the party, an act of no legal consequence that was remedied by the amendment. Boott Cotton Mills Development, LLC has appealed from ■ the denial of that motion.
Byway of background, according to the rule 8B agreed statement of the case filed by the parties, the original contract at issue here was between ECS and Lawson Group. Under that contract, ECS was to “provide environmental site work for prop *36 erty located” in Lowell. Lawson Group had an association with Boott Cotton Mills Development Corporation and Boott Cotton Mills Development, LLC, two separate entities that were developing the Lowell properly. At some point, there were two change orders whereby ECS agreed to provide services in addition to the ones contemplated by its original agreement with Lawson Group. The customer named in the change orders was Boott Cotton Mills Development Corporation. ECS sent invoices for its services under the original agreement and the change orders, along with follow-up inquiries, to “Edward Barry, Boott Cotton Mills Development Corporation.” A “Release Abatement Measure Completion Report,” prepared by ECS, indicated it was done on behalf of the “Boott Mill [sic] Development Corporation,” which was also referred to as the owner of the property. In a ‘Transmittal Form” prepared in connection with the report, Barry certified that the report was prepared for “Bootts Mill [sic] Development Corporation.” Some of these documents referred to Barry as president of “Boott Mill [sic] Development Corporation.” In these circumstances, ECS believed that Boott Cotton Mills Development Corporation owned the property, even though it brought this action against Boott Cotton Mills Development Corporation, LLC. After filing its complaint, however, and after a review of the records at the Middlesex County registry of deeds, ECS learned that the owner was Boott Cotton Mills Development, LLC.
At the outset, it should be noted that the motion filed by Boott Cotton Mills Development, LLC (“the LLC”) is obviously not one to correct a mistake or error “arising from oversight or omission” under rule 60(a) of the Mass. R. Civ. P. The clerk was taking a deliberate action based on what was presented. The LLC was seeking the relief provided in rule 60(b) (4), that is, relief from a judgment that was void for lack of proper service of process. Under rule 4(b), a summons must “be directed to the defendant.” The LLC is contending that it was not the named defendant and, therefore, not the entity served. “If a judgment is void for lack of subject matter or personal jurisdiction, or for failure to conform to the requirements of due process of law, the judge must vacate it.” Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006). The judge has no discretion to do otherwise. “A new party not previously served with process in an action may not be brought in by amendment without service of process or a voluntary appearance.” Bateman v. Wood, 297 Mass. 483, 486 (1937). ECS argues that the default judgment here should not be disturbed, relying on the “misnomer rule” set out in Hennessey v. Stop & Shop Supermarket Co., 65 Mass. App. Ct. 88, 90-92 (2005). The LLC argues that that rule does not apply to these facts.
As stated in Hennessey, “Federal courts apply the so-called ‘misnomer rule’ when a plaintiff has actually sued and served the correct defendant, but mistakenly used the wrong name of that defendant. Two factors distinguish misnomer cases: first, the complaint clearly indicates the intended defendant; and second, the plaintiff effectuates service upon the intended defendant or his agent.... Massachusetts courts similarly define misnomer, and similarly refuse to allow defendants to escape their obligations based on misnomer” (citations omitted). Id. at 90-91. The second requirement was satisfied here: service was made on Barry who was president of both the LLC and Boott Cotton Mills Development Corporation. See Mass. R. Civ. R, Rule 4(d)(2). Which was the intended defendant here, however, is certainly less clear than in those cases where the misnomer rule has been applied. For example, in *37 Hennessey, a slip and fall case, it was clear that the plaintiff intended to sue the operator of the Stop and Shop store where the accident happened. See also two Federal cases cited in Hennessey, supra at 91: Bowles v. Marx Hide & Tallow Co., 4 F.R.D. 297, 299 (W.D. Ky. 1945) (service deemed sufficient where plaintiff identified defendant as corporation when it was actually partnership, but where there was not another Louisville business with similar name), and United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947) (service deemed sufficient where there were no companies in area with similar name, officer of correct company was served, and its legal counsel entered appearance).
The situation in the case before us is somewhat similar to that in Connelly v. Dionne Trucking, Inc., 236 Mass. 460 (1920). There, after a decree was entered against Dionne Trucking Co., Inc., the court struck that name from its decree, replacing it with “Dionne Trucking, Inc.” Id. at 462. In affirming the decree as amended, the Supreme Judicial Court noted that “there [was] no evidence that the claimant had any reason to believe that the plaintiff did not intend actually to bring his bill against Dionne Trucking, Inc.” Id. at 463. Thus, in all these cases, a court must “consider the well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name.” Roberts v. Michaels, 219 F.3d 775, 777-778 (8th Cir. 2000), cited in Hennessey, supra at 91.
Here, the problem is that there were two companies with similar names, Boott Cotton Mills Development Corporation and Boott Cotton Mills Development, LLC. ECS sued a nonexisting entity, described as a corporation and a limited liability company. ECS argues that it was clear it meant to sue the LLC because the LLC, not the corporation, owned the property. But it is not clear why the owner was obviously the intended defendant. During the course of the dealings between the parties, ECS treated the corporation as the entity owing the money. Why there were two such entities and what their relationship to each other was has not been spelled out. Since Barry was the president of both entities, it is also not clear on behalf of which entity he made any admissions. To be sure, the root of this problem was of the LLC’s own making in that it did not heed the admonition in G.L.c. 156C, §3 that the “name of [a] limited liability company ... may not be the same as, or deceptively similar to the name of any corporation... reserved or organized under the laws of the commonwealth.” Nonetheless, we do not conclude that its failure to do so should prevent the LLC from contesting this litigation especially where it does not appear that the statute of limitations on this lawsuit has expired. Cf. Roberts, supra at 778.
Accordingly, the denial of the defendant’s rule 60 motion for relief from judgment is reversed, and the default judgment for the plaintiff is vacated.
So ordered.