2010 OK CIV APP 93

**CUSTOM RADIO CORPORATION,**
**Plaintiff/Appellee,**

v.

**PASSENGER TRANSPORTATION SPE-**
**CIALISTS, INC., d/b/a Red Carpet**
**Charters, Defendant/Appellant.**

**No. 107,033.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

May 11, 2010.

Certiorari Denied Sept. 20, 2010.

Stephen L. Degiusti, Evan G.E. Vincent, Crowe & Dunley, a Professional Corporation, Oklahoma City, OK, for Plaintiff/Appellee.

Sharon Voorhees, Shelton Voorhees Law Group, Oklahoma City, OK, for Defendant/Appellant.

DOUG GABBARD II, Presiding Judge.

¶ 1 Defendant/Appellant, Passenger Transportation Specialists, Inc., d/b/a Red Carpet Charters (PTS), appeals the trial court's order granting a "Motion to Correct Domesticated Foreign Judgment to Reflect the Correct Name of the Defendant" filed by Plaintiff/Appellee, Custom Radio Corporation (CRC). We affirm.

## BACKGROUND

¶ 2 CRC is an Indiana corporation which sells audio and video equipment. PTS is an Oklahoma corporation which operates a char-ter bus company under the name "Red Carpet Charters." Its principal is Jeff Polzien and its operating address is 6800 Camille Street, Oklahoma City, Oklahoma.

¶ 3 Between 2007 and early 2008, CRC sold PTS certain audio and video equipment. In each transaction, CRC invoiced PTS using PTS's operating name, **"Red Carpet Charters, Inc.,"** and PTS paid CRC with checks in the name of **"Red Carpet Charters."**

¶ 4 In May 2008, after a dispute arose between the parties, CRC sued "Red Carpet Charters, Inc.," in the Superior Court of Allen County, Indiana. CRC served summons on "Red Carpet Charters, Inc." by leaving a copy of same with Kim Davis–Steele, a PTS employee and corporate officer, at the Camille Street address. PTS did not answer, and CRC eventually obtained a default judgment against "Red Carpet Charters, Inc."

¶ 5 In October 2008, CRC filed this judgment in the District Court of Oklahoma County, Oklahoma, pursuant to the Uniform Enforcement of Foreign Judgments Act, 12 O.S.2001 and Supp. 2009 §§ 719 *et seq.* However, after PTS received proper notice of this filing, Jeff Polzien filed a letter with the court, stating, in part, that "Red Carpet Charters, Inc., has no assets, no employees, no officers and ceased any business and filed a final income tax return in the early 1990's." CRC responded with the motion from which the present appeal arises, seeking to correct its judgment to reflect that the defaulting defendant was PTS, instead of "Red Carpet Charters, Inc." PTS replied by filing a special appearance and objection.

¶ 6 The appellate record indicates that Jeff Polzien began Red Carpet Charters, Inc., in 1985. However, in the early 1990's, Red Carpet Charters, Inc., ceased doing business, Polzien formed PTS, and PTS began operating a charter bus service at the same location as Red Carpet Charters, Inc., and using the similar name "Red Carpet Charters." Records on file with the Oklahoma Secretary of State list Polzien as the registered service agent for both PTS and Red Carpet Charters, Inc.

¶ 7 After a hearing, the trial court granted CRC's motion to correct the judgment. The court found that CRC incorrectly obtained judgment against Red Carpet Charters, Inc., instead of PTS, due to a "misnomer," and that PTS is "the same Defendant and is not a new or distinct party" as Red Carpet Charters, Inc. PTS now appeals.

## STANDARD OF REVIEW

¶ 8 Whether a trial court has the authority to amend the party defendant in a foreign judgment is a question of law. Questions of law are reviewed *de novo*, that is, we conduct a plenary, non-deferential re-examination of the trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.*, 1996 OK 125, n. 1, 932 P.2d 1100. However, if a trial court has authority to grant such an amendment, its decision to do so involves the exercise of discretion which we review using an abuse of discretion standard. *See Pan v. Bane*, 2006 OK 57, ¶ 14, 141 P.3d 555, 561.

## ANALYSIS

¶ 9 Courts have long recognized their authority to generally correct errors of omission, inclusion, or description of parties in a lawsuit. In *Stocker v. Dobyns–Lantz Hardware Co.*, 1924 OK 276, ¶ 1, 101 Okla. 134, 224 P. 303, 303, the Oklahoma Supreme Court stated:

> An individual who has been served with a summons in which he is designated by the wrong name is entitled to plead a misnomer, but the service of summons designating the defendant by the wrong name, where it is personally served upon the right defendant, is sufficient to give the court jurisdiction of the defendant, and such defect becomes immaterial, unless the defendant appears and pleads the misnomer.

*See also Butler Const. Co. v. Bentley*, 1951 OK 275, 205 Okla. 225, 237 P.2d 886. Misdescription of parties is common where a business is being sued because businesses often operate using trade names:

> When businesses are being sued it is not uncommon for the name of the defendant to be stated inexactly. It is then important to determine if the parties will be misled by the name given in the summons. If the name given approximates the intended party's correct name and it is unlikely that another company exists bearing the incorrect name, or if the name given is that by which the company is commonly known, an amendment can be obtained to correct the error, at least where actual service and notice has been obtained.

62B Am.Jur.2d *Process* § 96 (2005)(footnotes omitted).

¶ 10 Since a misnomer defect in the summons is "immaterial" in conferring jurisdiction over a defendant, jurisdiction continues through the entry of judgment. It follows, therefore, that a misnomer defect may be corrected even after a judgment has been entered. In addition, a judgment may be corrected or amended to substitute one party for another as either plaintiff or defendant, where necessary to carry out the purpose of the judgment, as long as the amendment does not bring within the judgment new parties who were not previously before the court. 49 C.J.S. *Judgments* § 286 (1997).[1]

¶ 11 In Oklahoma, 12 O.S.2001 § 2015(A) authorizes amendments by the party before a responsive pleading is served, and with court approval afterwards. Subsection (B) authorizes an amendment to conform to the evidence at trial. Subsection (C) provides for relation back of amendments under the following circumstances:

> An amendment of a pleading relates back to the date of the original pleading when:
>
> 1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or
>
> 2. The claim or defense asserted in the amended pleading arose out of the con-

---

1. CRC's reliance upon *Cartwright v. Atlas Chemical Indust., Inc.*, 1981 OK 4, 623 P.2d 606, is misplaced. Although the name of the defendant was corrected after trial, judgment, appeal and issuance of mandate, the amendment was authorized by 12 O.S.1971 § 317, now repealed, that specifically permitted amendments "before or after judgment" and was decided before the 1984 adoption of 12 O.S. § 2015.

duct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

    a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

    b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

¶ 12 Section 2015 is based upon Federal Rule of Civil Procedure 15(c), 28 U.S.C.A. (West 2008), which codifies both the traditional misnomer doctrine and the similar relation-back doctrine. *Roberts v. Michaels,* 219 F.3d 775 (8th Cir.2000). Because the state statute is based upon a federal rule, the Oklahoma Supreme Court has adopted the construction placed upon this rule by the federal courts. *Dotson v. Rainbolt,* 1995 OK 39, 894 P.2d 1109; *Prough v. Edinger, Inc.,* 1993 OK 130, 862 P.2d 71.

■ ¶ 13 The rationale behind § 2015(C) is that where a party to be added has received timely and fair notice of the institution of the original action and the facts upon which it is based, that party has received all the notice and protection required. *Pan v. Bane,* 2006 OK 57, 141 P.3d 555. The *Pan* Court held that such an amendment must meet three requirements: (1) the party being added must have been involved in the same transaction upon which the suit is based; (2) the party to be added must have received timely notice and will not be prejudiced in maintaining a defense, if it desires to do so; and (3) the party to be added, within the specified time period, knew or should have known that but for the mistake of identity the action would have been brought against him or her. *Id.* at ¶ 10, 141 P.3d at 560.

■ ¶ 14 The second requirement, timely notice, is the "linchpin" of the relation-back doctrine and "serves as the yardstick used for evaluating whether or not amending the complaint will cause the new defendant to suffer prejudice if he or she is forced to defend the case on the merits." *Id.* at ¶ 11, 141 P.3d at 560. However, "[i]f the party to be added has a sufficient identity of interest with the original defendant, constructive notice will be imputed to the former, thereby satisfying the notice requirement for relation back where it will not be prejudicial." *Id.* at ¶ 12, 141 P.3d at 560. The *Pan* Court cited numerous cases demonstrating the proposition, including *Travelers Indemnity Co. v. United States for Use of Construction Specialties Co.,* 382 F.2d 103 (10th Cir.1967) (amendment substituting a subsidiary surety company for the parent company was approved because the two companies had the same managers and directors, occupied the same office, and their activities supplemented one another); *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397 (9th Cir. 1984) (plaintiff intended to sue ship owner for personal injuries but named ship's marketing corporation by mistake); *VKK Corp. v. National Football League,* 244 F.3d 114 (2nd Cir.2001) (plaintiff intended to bring action against party with whom it had negotiated but mistakenly named a party that had not existed at the time in question); and *Loveall v. Employer Health Services, Inc.,* 196 F.R.D. 399, 404 (D.Kan.2000) (plaintiff intended to bring product liability action against medical supply company but mistakenly named another company as the seller).

¶ 15 In the present case, the first and third requirements of the *Pan* analysis were clearly satisfied. PTS was involved in the transaction that was the basis of the claim set forth in the petition, and it knew or should have known that, but for the mistake of identity, the action would have been brought against it: PTS operated under the name "Red Carpet Charters," had dealt with CRC as "Red Carpet Charters," and knew that Red Carpet Charters, Inc. was no longer operating as a business.

¶ 16 The second requirement, that the party to be added—i.e., PTS—received timely

notice of the lawsuit, is only slightly more problematic. Indisputably, CRC did not serve Jeff Polzien, the registered service agent of both Red Carpet Charters, Inc., and PTS, but served Ms. Davis–Steele, a corporate officer, at the Camille Street address. In cases where a party did not receive actual notice, *Pan* permits the imputation of notice if there was an identity of interest between the party served and the party being added. Here, however, imputation of notice is unnecessary because PTS *admits* that "... Red Carpet Charters Inc. was served with the lawsuit," and it does not deny that it had *actual knowledge* of the lawsuit. Because PTS received actual and timely notice of the suit, the second requirement was met. Although PTS asserts prejudice, its "conclusory allegations that [it] will be prejudiced in [its] defense of this action by relation back of the amendments are not persuasive." *Pan v. Bane*, 2006 OK 57 at ¶ 21, 141 P.3d at 562.

¶ 17 Because all three *Pan* requirements were met in this case, the trial court's grant of an amendment was authorized by § 2015(C). Clearly, PTS created the potential for confusion by doing business, including purchasing products and writing checks, under the trade name "Red Carpet Charters," knowing that this name was similar to the now defunct company "Red Carpet Charters, Inc." A more thorough inquiry by CRC may or may not have uncovered the corporate ownership. If CRC had checked the name "Red Carpet Charters" with the Oklahoma Secretary of State, it would have learned that Red Carpet Charters, Inc., was no longer in business and it might have concluded that "Red Carpet Charters" was a "d/b/a," thereby suggesting a more thorough investigation into its corporate ownership. On the other hand, it might have concluded that Red Carpet Charters, Inc., was continuing to operate as a corporation but had failed to pay its corporate franchise tax, or that it was now operating as a sole proprietorship owned by Jeff Polzien. Thus, even if the requirements of § 2015(C) had not been satisfied, the facts are sufficient to authorize amendment pursuant to traditional misnomer principles.

¶ 18 Finally, although the judgment in question did not originate in an Oklahoma court, § 2015(C) applies with equal force to foreign judgments filed under the Uniform Enforcement of Foreign Judgments Act, 12 O.S.2001 and Supp. 2009 §§ 719 *et seq.* Section 721 of the Act specifically provides:

> A copy of any foreign judgment authenticated in accordance with the applicable Act of Congress or of the statutes of this state may be filed in the office of the court clerk of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of any county of this state. *A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner.* Provided, however, that no such filed foreign judgment shall be a lien on real estate of the judgment debtor until the judgment creditor complies with the requirements of subsection B of Section 706 of this title. (Emphasis added.)

## CONCLUSION

¶ 19 We find that the trial court had authority to amend the judgment under 12 O.S.2001 § 2015(C), and its decision to allow same was not an abuse of discretion. The court's order granting CRC's motion to correct domesticated foreign judgment is hereby affirmed. PTS's motion for appellate attorney fees is denied.

¶ 20 AFFIRMED.

GOODMAN, J., concurs, and RAPP, J., not participating.